UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEARBORN LODGING, INC., d/b/a METRO INN,

        Plaintiff,

                                                                                  Case number 11-10057
v.                                                                Honorable Julian Abele Cook, Jr.

CITY OF DEARBORN,

        Defendant.

## ORDER

In this case, the Plaintiff, Dearborn Lodging, Inc., d/b/a Metro Inn, complains that the Defendant, the City of Dearborn ("City"), violated its Fourth, Fifth, and Fourteenth Amendment rights when it ordered the demolition of a group of buildings that compose the Metro Inn on the basis of its findings that (1) they are dangerous structures, and (2) the estimated costs of repair exceeded their state equalized value. This litigation was initiated by the Plaintiff in the Wayne County Circuit Court of Michigan and subsequently removed by the City to this Court on the basis of its federal question jurisdiction. 28 U.S.C. §§ 1331, 1441.

On March 30, 2012, the Court granted the City's motion for a summary judgment after concluding that the Plaintiff had failed to demonstrate the existence of a genuine issue of a material fact as to whether this municipality's determination that the buildings were dangerous, as defined by Mich. Comp. Laws § 125.539, was unauthorized by law or unsupported by competent, material, and substantial evidence based upon the entire record. *See, e.g.*, *Cole's Home & Land Co., LLC v. City of Grand Rapids*, 720 N.W.2d 324, 327-28 (Mich. Ct. App. 2006) (quoting Mich. Const. 1963,

art. 6, § 28). On April 20, the Plaintiff filed (1) a notice of appeal to the Sixth Circuit with respect to this order, and (2) a motion for a stay of the demolition of the buildings pending a resolution of its appeal pursuant to Fed. R. App. P. 8. *See also* Fed. R. Civ. P. 62(c). The City filed its response in opposition to the Plaintiff's application for a stay three days later. It states that the demolition of two buildings that are not connected to this appeal is scheduled to begin on May 1st with an expected completion date in mid-May 2012. The remaining buildings - those that are subject to this appeal - are scheduled to be demolished immediately thereafter.

When reviewing a motion to stay an order pending appeal under Fed. R. App. P. 8 or Fed. R. Civ. P. 62(c), the Court will consider the following factors:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties [that are] interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Titan Tire Corp. of Bryan v. United Steel Workers of Am., Local 890L*, No. 09-4460, 2010 WL 815557, at *1 (6th Cir. Mar. 10, 2010) ("[The *Hilton*] factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." (citation and internal quotation marks omitted)). The moving party need not necessarily establish a high probability of success on the merits, but must, at a minimum, "show serious questions going to the merits and irreparable harm that decidedly outweighs the potential harm to the other parties if a stay is granted." *Titan Tire*, 2010 WL 815557, at *1 (citations omitted).

2

The Plaintiff has not made any attempt to address any of these factors, aside from the conclusory statement - unadorned by any factual assertions - that it will suffer irreparable harm if the stay is not granted.[1] This alone would be a sufficient basis to deny the request. *See State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987) ("In order for the reviewing court to adequately balance these factors, the party seeking a stay must address each of the factors regardless of its strength, and provide us with facts and affidavits supporting these assertions."). The City, on the other hand, has addressed each factor and, in the opinion of the Court, it has argued convincingly that all of them point to a rejection of the Plaintiff's request.

The Court will now consider each factor in turn.

First, the Plaintiff has utterly failed to demonstrate that it is likely to succeed on the merits in its appeal. Indeed, it has not even tried to do so. In the absence of any argument as to why the Court should come to a different conclusion regarding the merits of this case now than it did in issuing its prior order, this factor weighs decidedly against the Plaintiff. *See Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) ("In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. . . . [T]he movant is always required to demonstrate more than the mere 'possibility' of success on the merits.").

---

[1] The Court notes that it was the City, in its response brief, that first made any mention of the relevant factors. Notwithstanding its complete failure to articulate and address these factors in its opening brief, the Plaintiff, having had these factors brought to its attention in the City's response, nevertheless neglected to file a reply brief in which it could have made some attempt to make its case. The time for filing a reply brief expired on May 10. *See* E.D. Mich. LR 7.1(e)(1)(C) (reply brief supporting motion for injunctive relief due within fourteen days of service of response); Fed. R. Civ. P. 6(d) (time extended three days when service is made electronically).

Second, the Plaintiff has generally stated that it will suffer an irreparable harm if its request is denied. However, it has failed to articulate or identify the nature and severity of this claimed harm. Presumably, it intends for the Court to infer that the demolition of its buildings is the irreparable harm that it seeks to avoid. The Sixth Circuit has set out the following three factors that are relevant to determining whether harm will occur if a stay is not granted: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Griepentrog*, 945 F.2d at 154. Of course, only a *wrongful* demolition would constitute a cognizable harm, and the small likelihood of success on the merits means that it is equally unlikely that the demolition, if allowed to proceed, would be wrongful. Moreover, to the extent that this supposed harm is compensable by money damages, it is not irreparable at all. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (citation and internal quotation marks omitted)); *Celebrezze*, 812 F.3d at 290 ("[E]conomic loss does not constitute irreparable harm, in and of itself. Economic loss is generally recoverable while injunctive relief is available only when legal remedies prove inadequate." (citation omitted)); *see also McKenzie v. City of Chi.*, 118 F.3d 552, 556 (7th Cir. 1997) ("Land may be unique, and injunctions to resolve ownership disputes about real property therefore may be appropriate, but this principle of state law is not a good reason to enjoin the operation of a state law. Illinois may if it wants decide to substitute cash for real property. States condemn and pay for land all the time; the Takings Clause of the [F]ifth [A]mendment supposes that money damages are a constitutionally

4

adequate substitute for real property. If Chicago errs and razes a building without proper notice, or wrecks a structure that does not fit the terms of the law, it opens itself to an inverse condemnation action. Money will compensate the owner."). Thus, the Court determines that the second factor does not weigh strongly, if at all, in the Plaintiff's favor.

On the facts of this case, the third and fourth factors are closely aligned. The Court has already determined that substantial evidence supported the City's determination that the condition of these buildings posed a danger to the public. Furthermore, the City has presented evidence in the form of police reports that the property has continued to be the site of multiple incidents of theft and vandalism. The City is harmed by having to continue to expend resources and risk physical injury to its officers in having to police these dangerous premises. Moreover, the general public is harmed by this diversion of public safety resources that could be otherwise be directed to other law enforcement activities, as are individuals who are drawn to this attractive nuisance and thereby exposed to the risk of injury. Any delay in the planned demolition would only cause an accumulation of these harms to the City and to the public interest. Therefore, the third and fourth factors also weigh against the issuance of a stay.

Because the Plaintiff has failed to establish that the relevant factors weigh in favor of its request, its motion for a stay pending appeal (ECF 24) is denied.

IT IS SO ORDERED.


Dated:  May 11, 2012                                    s/Julian Abele Cook, Jr.
         Detroit, Michigan                               JULIAN ABELE COOK, JR.
                                                         United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 11, 2012.

s/ Kay Doaks<br>Case Manager